UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IUOE LOCAL 324 RETIREMENT TRUST
FUND, ET AL.,

     Plaintiffs,     Civil Case No. 17-13921
                Honorable Linda V. Parker

v.

LGC GLOBAL FM, LLC (f/k/a Lakeshore
Rickman JV, LLC) and AVINASH RACHMALE,

     Defendants.
_____/

# OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LIMITED SCOPE DISCOVERY

  This is an action to recover fringe benefit contributions allegedly owed to Plaintiffs, which are pension and welfare benefit trust funds established and administered pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Presently before the Court is Plaintiffs' "Motion for Limited Scope Discovery on Plaintiffs' Amended Complaint," filed December 13, 2019. (ECF No. 56.) The motion has been fully briefed. (ECF Nos. 57, 58.) For the following reasons, the Court is denying Plaintiffs' motion.

## Background

On December 5, 2017, Plaintiffs initiated this lawsuit against LGC Global, FM, LLC ("LGC") and Avinash Rachmale ("Mr. Rachmale") (collectively "Defendants"). (*See* ECF No. 1.) Plaintiffs claim that LGC owes unpaid contributions to the funds pursuant to a collective bargaining agreement ("CBA"). This CBA covered work that LGC's operating engineers performed at a number of Detroit Public Schools ("DPS") pursuant to LGC's contract to perform operations management at the schools. Plaintiffs seek to hold Mr. Rachmale personally liable for the unpaid contributions as an ERISA fiduciary.

Defendants initially did not respond to Plaintiffs' Complaint and clerk's entries of default were entered against them on January 25, 2018. (ECF Nos. 8, 9.) Only after Plaintiffs filed a motion for default judgment on February 23, 2018 (ECF No. 12), did counsel for Defendants enter an appearance. (ECF No. 14.) The parties then stipulated to the withdrawal of Plaintiffs' motion for default judgment and the clerk's entries of default were vacated. (ECF No. 16.)

The Court thereafter conducted an initial scheduling conference and entered its first scheduling order in this matter. (ECF No. 20.) The scheduling order was then amended two times at the parties' request (ECF Nos. 24, 29), with the Second Amended Scheduling Order setting a discovery deadline of December 12, 2018. Approximately one month after the discovery deadline, on January 11, 2019,

Plaintiffs filed a motion to file an amended complaint. (ECF No. 34.) The purpose of the amendment was to add a count of "liability as a single employer" against Defendants. (*Id.* at Pg ID 173.)

Specifically, Plaintiffs maintain that LGC and Tiskono and Associate, LLC ("Tiskono") are alter ego/single employers and that Defendants therefore owe contributions for certain work Tiskono performed at DPS pursuant to a subcontract with LGC. Plaintiffs indicated in their motion to amend that operating engineers working for LGC were transferred to Tiskono in January 2016, to perform the exact work they previously had been doing for LGC at the Detroit Public Schools. (*Id.* ¶ 7.) Plaintiffs further stated that the employees remained on Tiskono's payroll until at least December 31, 2016, and that during this period, LGC gave Tiskono enough money to cover its payroll for those employees. (*Id.* ¶¶ 8, 9.) Plaintiffs claim that LGC made decisions for Tiskono and controlled its management, and that Tiskono had no operating engineers before this point. (*Id.* ¶ 10.)

In seeking to amend their Complaint, Plaintiffs represented to the Court that they "did not wish to delay this matter, and will not seek any period of discovery…." (*Id.* ¶ 25.) Plaintiffs sought only the opportunity to amend their pleading and a briefing schedule. (*Id.*) Plaintiffs indicated that they would not object, however, if Defendants needed a period of discovery as a result of the

3

amended pleading. (*Id.*) On the same date that they filed their motion to amend, Plaintiffs requested an emergency extension of the dispositive motion deadline, which had passed a month earlier. (ECF No. 33.)

On January 11, 2019, the Court granted Plaintiffs' motion to extend the dispositive motion deadline and Plaintiffs filed a motion for partial summary on February 11, 2019. (ECF No. 36.) In their motion, Plaintiffs sought *inter alia* a judgment against Defendants for the amounts set forth in audit reports for the periods October 2015 to January 2016 and April through June 2018, which were attached as exhibits to the motion. Plaintiffs also asked the Court to order LGC to open its books and records for Plaintiffs to conduct an audit to determine the amount of unpaid contributions due to Plaintiffs for all unaudited periods beginning January 2016. (*Id.* at Pg ID 271.) In response to Plaintiffs' motion, Defendants asked for time to conduct discovery under Federal Rule of Civil Procedure 56(d) with respect to the audit reports attached to Plaintiffs' motion, as Defendants had not previously received those reports. (ECF No. 50 at Pg ID 394.)

In the interim, the deadline for Defendants to respond to Plaintiffs' motion to file an amended complaint passed without Defendants responding to the motion. On April 15, 2019, the Court granted Plaintiffs' motion and Plaintiffs filed their Amended Complaint on April 19, 2019. (ECF No. 43.) In an Answer to the Amended Complaint filed May 3, 2019, Defendants denied Plaintiffs' allegations

4

concerning LGC's relationship with Tiskono and Tiskono's operating engineers. (ECF No. 44 at Pg ID 755-67.)

On September 27, 2019, the Court filed an opinion and order granting in part and denying in part Plaintiffs' motion for partial summary judgment. (ECF No. 50.) Over Defendants' objection, the Court granted Plaintiffs' request to conduct additional audits. (*Id*. at Pg ID 900-01.) The Court reached this decision despite finding it unclear "why Plaintiffs did not previously conduct the audit they [sought] to perform." (*Id*. at 900.) The Court also extended discovery for an additional thirty days, but only to allow Defendants to pursue specific discovery related to the results of the audits attached to Plaintiffs' motion and for the parties to determine whether any of the amounts reflected in those reports as being due were among the contributions LGC paid pursuant to a settlement with the National Labor Relations Board. (*Id*. at 901.) On October 7, 2019, the parties submitted, and the Court signed, a stipulated order extending this limited discovery an additional thirty days. (ECF No. 53.)

On December 6, 2019, the Court entered a Third Amended Scheduling Order, setting a final pretrial conference for March 25, 2020, and a trial date of April 14, 2020. (ECF No. 55.) A week later, on December 13, 2019, Plaintiffs filed the pending motion for limited scope discovery. (ECF No. 56.) Plaintiffs seek additional discovery to address Defendants' contention that they are not liable

5

under the CBA for Tiskono's failure to pay the required fringe benefit contributions. (*Id.* ¶ 13.)

**Applicable Law and Analysis**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Sixth Circuit has identified five factors relevant to a party's request for additional time for discovery:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (citing *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006)) (additional citation omitted). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.*

As to the first factor, Plaintiffs should have been aware of at least a potential alter ego issue concerning LGC and Tiskono when Plaintiffs obtained records for the audit reflecting that Tiskono hired LGC's employees to do work from January 2016 through January 15, 2017. (*See* ECF No. 56 at Pg ID 919.) While the record does not reflect when Plaintiffs received these documents, it does reflect that Plaintiffs took the deposition of Tiskono's owner, Tiskono Crawford, on December

6

28, 2018.  (ECF No. 34-5.)  At his deposition, Mr. Crawford testified about his company's employment of LGC's engineers, how LGC agreed to cover the payroll for those engineers, and that LGC agreed to provide a managing engineer to oversee their work.  (*Id*. 13-14, 17-18.)

Further, Plaintiffs sought to amend their Complaint to add their single employer claim on January 11, 2019.  Clearly Plaintiffs were aware of the issue on which they now seek to conduct discovery at that time.  Plaintiffs maintain that it was only during the discovery conducted after the Court's summary judgment decision that they learned that Defendants contest their liability for the contributions Tiskono failed to pay.  (*See* ECF No. 56 at Pg ID 921.)  However, as set forth earlier, Defendants denied their liability in their Answer to Plaintiff's Amended Complaint, which was filed on May 3, 2019.

With respect to the second factor, the Court is not able to determine how a denial of Plaintiffs' request for further discovery will impact the proceedings moving forward as Plaintiffs do not specifically identify what additional discovery they are seeking to support their assertion that LGC and Tiskono are alter-ego companies or a single employer.  It does appear, however, that Plaintiffs possess evidence already to support LGC's liability for contributions owed for the period when Tiskono assumed LGC's duties at DPS.

Turning to the third factor, the Court believes Plaintiffs had ample time during the discovery period to seek the information they are now pursuing. The schedule in this case has been extended multiple times, thereby also extending the deadline for the parties to conduct discovery. This does not account for the additional period of discovery after the summary judgment hearing. The Court recognizes that this latter discovery was limited to discrete issues that did not include Plaintiffs' alter-ego theory. Nevertheless, Plaintiffs never expressed a need to engage in further discovery on that subject and, in fact, expressly assured the Court that no discovery would be needed on that issue when seeking to amend their Complaint. For that reason, the Court also believes that Plaintiffs have not been diligent in pursuing their discovery requests.

Finally, as to the fifth factor, Plaintiffs suggest in their motion that Defendants have not been forthcoming in providing documentation. However, Plaintiffs fail to identify any documentation sought from Defendants regarding the alter-ego issue, which Defendants failed to produce. Plaintiffs certainly have never filed a motion to compel in this litigation to obtain any discovery, much less discovery on this issue.

For all these reasons, the Court does not find good cause to modify the scheduling order to allow Plaintiffs limited scope discovery.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Limited Scope Discovery on Plaintiffs' Amended Complaint (ECF No. 56) is **DENIED**.

                                                              s/ Linda V. Parker
                                                              LINDA V. PARKER
                                                              U.S. DISTRICT JUDGE

Dated: January 30, 2020